PLYMPTON v. SAPP.

1. **Pleading**: TAX SALE: DEFENSE TO. An averment that a tax sale was held "on the 17th day of March, a day not authorized by law therefor," was held on demurrer to present a good defense to an action on a tax deed executed upon such sale.

*Appeal from Pottawattamie District Court.*

MONDAY, DECEMBER 13.

ACTION to quiet title to lot 3 in block 10 of Bayliss' First Addition to the city of Council Bluffs. The plaintiff avers that he holds the fee title to the lot, and has the right to the immediate possession thereof, by virtue of a tax deed.

The defendant, Sapp, for answer avers that he holds a mortgage upon the property executed prior to the execution of the tax deed. He also avers that the lot in question, together with the north half of lot four in the same block, constituted for many years the owner's homestead, and was such at the time the tax was assessed for which the property was sold; that the owner's dwelling-house was, and is still, so situated that the line between lots three and four runs through the house; that the house is a brick house and cannot be divided or removed without destroying it as a house. He avers that the entire homestead property should have been assessed together as one piece, and that the assessment and sale of a part thereof, separate from the other part, was illegal and void.

He further avers that the sale was illegal, in that it "was held upon the 17th day of March, 1870, a day not authorized by law therefor."

To this answer the plaintiff demurred and the demurrer was sustained. Judgment having been rendered for the plaintiff the defendant appeals.

*J. Lyman*, for appellant.

*D. C. Bloomer* and *Robert Percival*, for appellee.

ADAMS, CH. J.—Whether the assessment should be held invalid because made of a part of a piece of property upon
1. PLEADING: which a character of unity had been so distinctly
tax sale: de-
fense to. and visibly impressed, is a question which presents some embarrassing considerations. Possibly it should not, but we do not now determine the question.

The answer avers that the sale "was held upon the 17th day of March, 1870, a day not authorized by law therefor." A sale must be made at the time fixed by law, or at a time to which it is regularly adjourned. *Butler v. Delano*, 42 Iowa, 350. The time fixed by law is the first Monday of October. But the appellee insists that March 17th may have been a legal day for the sale, because there may have been an adjournment from the first Monday of October.

The question in the case arises upon the answer and demurrer thereto. The answer avers, in substance, that the 17th day of March was a day not authorized by law. This averment, we think, precludes the supposition that it may have been an authorized day by reason of an adjournment.

In our opinion the answer showed a good defense.

REVERSED.